UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE OF MICHIGAN,

      Plaintiff,

v.

MICHAEL TERRY WRIGHT,

      Defendant.

Case No. 23-11069
Honorable Laurie J. Michelson

_____

**ORDER SUMMARILY REMANDING CASE**

_____

Michael Terry Wright seeks to remove an ongoing criminal prosecution against him in Oakland County Circuit Court. (*See generally* ECF No. 1.) He argues that removal is proper because his civil rights have been violated in that proceeding. (*Id.* at PageID.2.) Specifically, he says that officers "used race as a factor" to initiate a *Terry* stop, which in turn lead to his arrest and prosecution back in April 2020. (*Id.* at PageID.3–4.) Nonetheless, both the trial court and the Michigan Court of Appeals have refused to suppress evidence discovered during the *Terry* stop—at least for now. (*Id.*; *see also id.* at Page.ID.7 (Michigan Court of Appeals declining "immediate" review of the denial of Wright's motion to suppress).) Wright asks for a permanent injunction against the state-court proceedings and to bring counterclaims against the officers and the prosecutor. (*Id.* at PageID.2–4.) He also filed a motion for extension of time to "file a proper . . . defense and counterclaim[.]" (*See* ECF No. 2.)

Under 28 U.S.C. § 1455(b)(4), this Court is required to promptly examine Wright's removal and, "[i]f it clearly appears on the face of the notice . . . that removal

should not be permitted, the court shall make an order for summary remand." For the reasons that follow, the Court concludes that removal is improper and remands the case.

## I.

In "rare circumstances," 28 U.S.C. §§ 1443(1) and 1455 enable a criminal defendant to remove a state criminal prosecution to federal court.[1] *See Thurmond v. Southfield Police Dep't*, No. 17-11148, 2017 WL 5892229, at *1 (E.D. Mich. Apr. 20, 2017). Removal is permitted under these statutes if a defendant "is denied or cannot enforce in the courts of such State a right under a law providing for . . . equal civil rights." *See* 28 U.S.C. § 1443(1). As the Sixth Circuit put it, this procedure remedies the "specific and discrete problems involving removal of cases . . . in which the defendant cannot enforce his claim of civil rights in the state court[.]" *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Such removals are governed procedurally by § 1455 and substantively by § 1443(1).

Wright has not satisfied either statute's requirements.

## A.

Start with § 1455's procedural requirements. Among other things, § 1455(a) requires that a defendant seeking to remove a state criminal prosecution file a notice

---

[1] Wright cites a slew of other laws that supposedly permit the removal of pending criminal cases. (*See* ECF No. 1, PageID.2, 5.) None do. *See City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 829–31 (1966) (explaining how the removal of a criminal case differs from the many other remedies available to vindicate alleged racial discrimination in a state criminal case, including direct appeals to the United States Supreme Court and the filing of civil rights cases and petitions for habeas corpus in federal court).

2

of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). In addition, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier," unless the defendant has shown good cause for the delay. *Id.* at § 1455(b)(1).

Wright fails on both fronts. First, his notice of removal only attaches a one-page denial of his motion for leave to appeal to the Michigan Court of Appeals. (*See* ECF No. 1, PageID.7.) This is a far cry from "all process, pleadings, and orders" served on him in the state case. *See* 28 U.S.C. § 1455(a). Second, it appears that the notice of removal was filed roughly three years after his arraignment, and Wright offers no explanation for the delay. (ECF No. 1, PageID.2 (noting that Wright's criminal case was initiated in 2020).) Even assuming Wright thought the denial of his motion for leave to appeal gave him good cause to remove the case, that denial came almost 15 months before his notice of removal was filed. (*Id.* at PageID.7 (denial of motion for leave to appeal filed on Jan. 20, 2022).)

So Wright failed to satisfy the procedural requirements for removal.

## B.

Wright fares no better with § 1443(1)'s substantive requirements. Recall that removal is permitted if a defendant "is denied or cannot enforce in the courts of such State a right under a law providing for . . . equal civil rights." *See* 28 U.S.C. § 1443(1). A defendant seeking removal must therefore clear two substantive hurdles. First, the

defendant must have been denied a right arising under a federal law "that provides for specific civil rights stated in terms of racial equality; second, the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *See Conrad v. Robinson*, 871 F.2d 612, 614–15 (6th Cir. 1989).

The second requirement sets the bar high, because a district court "must assume that the defendant's constitutional rights will be protected in the state court." *People of State of Mich. v. Martin*, 894 F.2d 1336 (6th Cir. 1990) (unpublished table decision) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966)). Indeed, "the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted . . . that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Greenwood*, 384 U.S. at 828. In other words, removal is not appropriate simply on grounds that the state has brought criminal charges against the defendant. *See Johnson v. Mississippi*, 421 U.S. 213, 222 (1975). Nor is it "warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial." *State of Georgia v. Rachel*, 384 U.S. 780, 800 (1966).

Even assuming Wright clears the first requirement, he falters at the second.

For starters, Wright makes no argument that he is "unable to or [is] denied the opportunity to enforce" his rights in state court. *See Tennessee Dep't of Children's Servs. v. Winesburgh*, 614 F. App'x 277, 280–81 (6th Cir. 2015). In fact, there is evidence to the contrary. The Michigan Court of Appeals declined Wright's motion for

"immediate" appellate review. (ECF No. 1, PageID.7.) But one judge would have granted leave, noting that "[i]t appears that defendant's race was the primary factor motivating the stop." (*Id.*) So the state courts appear willing and able to enforce his civil rights. *See also Winesburgh*, 614 F. App'x at 281 ("The relevant inquiry is whether 'the *courts* of the state in question' are closed to [defendant's] claims." (emphasis in original)).

More critically, Wright makes no argument that the "very act of bringing [him] to trial in the state court" violates his rights. *See Greenwood*, 384 U.S. at 828. Take, for example, *State of Georgia v. Rachel*, 384 U.S. 780 (1966). There, a group of African American defendants were allegedly asked to leave restaurants around Atlanta for "solely racial reasons" and then prosecuted for trespassing when they refused. *Id.* at 783, 804. The Supreme Court found that removal would be appropriate on these facts. *Id.* at 804. It concluded that "any proceedings in the courts of the State will constitute a denial of the rights conferred by the Civil Rights Act of 1964[,]" which guaranteed defendants' right to the "full and equal enjoyment" of the restaurants. *Id.* at 788, 804. In other words, the Supreme Court concluded that the state prosecution *itself* violated the defendants' civil rights. In contrast, Wright does not suggest that the state prosecution itself violates his rights. Rather, he seeks to appeal the "erroneous" denial of his motion to suppress and to stop the prosecution altogether on that basis. (ECF No. 1, PageID.3–4.) But even assuming the decision was erroneous, removal would still be improper. *See Rachel*, 384 U.S. at 800 ("[R]emoval is not warranted by an

assertion that a denial of rights of equality may take place and go uncorrected at trial.").

So Wright failed to satisfy § 1443(1)'s substantive requirements as well.

## II.

Section 1443(1) simply "do[es] not operate to work a wholesale dislocation of the historic relationship between the state and the federal courts in the administration of the criminal law." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 831 (1966). Accordingly, this case is REMANDED to the 6th Circuit Court in Oakland County. And Wright's motion for extension of time (ECF No. 2) is DENIED as moot.

SO ORDERED.

Dated: May 12, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE